# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT
06-1680
CRIMINAL

---

## UNITED STATES OF AMERICA,
Appellee,

v.

## FABIO MONTANO,
Appellant.

---

*Appeal from the United States District Court for the*
*Western District of Missouri*
*Honorable Gary A. Fenner, Judge*

---

## APPELLANT'S BRIEF

---

**Greg T. Rinckey, Esq.**
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100
**Attorney for Appellant**

---

# TABLE OF CONTENTS - BRIEF

Jurisdictional Statement………….5

Waiver of right to oral argument………….5

Statement of issues for review……….5

Statement of the case and of the facts………….6

Argument……….8

Point I:
The conviction must be vacated as the District Court erred in
allowing evidence of an unrelated and highly
prejudicial murder to be presented……………………8


Point II:
The conviction against Mr. Montano should be vacated as
the Government failed to present evidence sufficient to
establish a conspiracy……………………………………………16

A.      Standard of Review………………………….16

B.      The Government did not establish Mr. Montano
        was involved in a conspiracy…………………………………17


Conclusion…………..23

Appellate Case: 06-1680    Page: 2    Date Filed: 03/07/2007 Entry ID: 3286079

# TABLE OF AUTHORITIES

Cases:

*Bruton v. United States*, 391 U.S. 123 (1968)……………………………………….12

*Kotteakos v. United States*, 328 U.S. 750 1946)……………………………..8, 9, 15

*Isaacs v. United States*, 301 F.2d 706 (8th Cir. 1962)…………………………….10

*Miller v. Lock*, 108 F.3d 868 (8th Cir. 1997)………………………………….....16

*Terrell v. Poland,* 744 F.2d 637 (8th Cir. 1984)………………………………....10

*United States v. Alexander,* 408 F.3d 1003 (8th Cir.2005)………………….....16

*United States v. Allsup*, 485 F.2d 287 (8th Cir. 1973)……………………………9

*United States v. Boone*, 437 F.3d 829 (8th Cir. 2006)…………………………….12

*United States v. Cabrera,* 116 F.3d 1243 (8th Cir. 1997)…………….17, 18, 22, 23

*United States v. Casas*, 999 F.2d 1225 (8th Cir. 1993)…………………………...18

*United States v. Conley,* 503 F.2d 520 (8th Cir. 1974)…………………………..9

*United States v. Espino*, 317 F.3d 788 (8th Cir. 2003)……………………………16

*United States v. Fregoso*, 60 F.3d 1314 (8th Cir. 1995)…………………………..18

*United States v. Heater,* 63 F.3d 311 (4th Cir. 1995)………………………….8, 9

*United States v. Hernandez*, 299 F.3d 984 (8th Cir. 2002)………………….....18, 22

*United States v. Issaghoolian*, 42 F.3d 1175 (8th Cir. 1994)……………………..18

*United States v. Ivey*, 915 F.2d 380 (8th Cir. 1990)………………………………17

*United States v. Jiminez-Perez*, 238 F.3d 970 (8th Cir. 2001)………………….....17

Appellate Case: 06-1680    Page: 3    Date Filed: 03/07/2007 Entry ID: 3286079

*United States v. Lueth*, 807 F.2d 719 (8th Cir. 1986)……………………………..12

*United States v. Oleson*, 310 F.3d 1085 (8th Cir. 2002)…………………………..17

*United States v. Robinson*, 217 F.3d 560 (8th Cir. 2000)…………………………17

*United States v. Ryan,* 227 F.3d 1058 (8th Cir. 2000)………………………...16, 17

*United States v. Sanders*, 341 F.3d 809 (8th Cir. 2003)…………………………..16

*United States v. Snider,* 720 F.2d 985 (8th Cir. 1983)…………………………..8, 9

*United States v. Tensley,* 334 F.3d 790 (8th Cir. 2003)…………....16, 17, 18, 22, 23

*United States v. West*, 15 F.3d 119 (8th Cir. 1994)………………………………18

*Zafiro v. United States,* 506 U.S. 534 (1993)…………………………………11, 12

## Statutes:

18 U.S.C. § 924 (c)………………………………………………………………6

18 U.S.C. § 3231……………………………………………………………...5

19 U.S.C. §1958…………………………………………………………………6

21 U.S.C. § 841(a)(1)…………………………………………………...5, 6, 8, 10

21 U.S.C. § 841 (b)(1)(A)…………………………………………....5, 6, 8, 10

21 U.S.C. § 846…………………………………………………...5, 6, 8, 10

21 U.S.C. § 853………………………………………………………...6, 10

28 U.S.C. § 1291……………………………………………………………...5

Fed. R. Crim. P. 14 (a)…………………………………………………………11

Fed. R. Evid. 103 (a)(1)…………………………………………………...10

Appellate Case: 06-1680    Page: 4    Date Filed: 03/07/2007 Entry ID: 3286079

## Jurisdictional statement

Jurisdiction in the United States District Court for the Western District of Missouri is pursuant to 18 U.S.C. § 3231 in that the instant matter concerns the arrest of Mr. Fabio Montano (hereinafter "Mr. Montano") who was allegedly involved with a conspiracy to distribute cocaine. Such crime is contrary to the provisions of the laws of the United States listed in: 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846. Further, jurisdiction in the United States Court of Appeals for the Eighth Circuit is pursuant to 28 U.S.C. § 1291 in that this is an appeal from a final decision of the United States District Court for the Western District of Missouri.

The final judgment of this action was entered on February 28, 2006, and the notice of appeal was filed on March 4, 2006. (A. Documents 1265, 1268).

## Waiver of right to oral argument

Appellant Mr. Montano waives his right to oral argument.

## Statement of the issues for review

This appeal presents issues associated with the fact the District Court erred in allowing evidence of an unrelated and highly prejudicial murder to be admitted and the Government's failure to establish the elements necessary to obtain a conspiracy conviction.

5

## Statement of the case and of the facts

A superseding indictment filed March 25, 1999, charged Mr. Montano, along with Edwin Hinestroza, German C. Sinisterra, Arboleda A. Ortiz, Plutarco Tello, and Percy L. Smith, with Count One, conspiracy to knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, both known and unknown to distribute cocaine, a Schedule II substance, in the amount of five (5) kilograms or more, contrary to the provisions of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A); all in violation of 21 U.S.C. § 846; and Count Four, criminal forfeiture of any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations under Title 21 in violation of 21 U.S.C. § 853.  (A. Document 142).

The remaining defendants were also charged with: Count Two, the use or possession of a firearm during and in relation to any crime of violence or a drug trafficking crime or in furtherance of any such crime, in violation of 18 U.S.C. § 924(c); and Count Three, the use of interstate commerce facilities in the commission of murder-for-hire in violation of 19 U.S.C. §1958.

On August 9, 1999, a second superseding indictment was filed against the defendants in this matter.  (A. Document 257).  However, on August 19, 1999, the Government moved to dismiss, without prejudice, the defendants Mr. Montano and Mr. Percy Smith from the second superseding indictment.  (A. Document 278).

Appellate Case: 06-1680     Page: 6     Date Filed: 03/07/2007 Entry ID: 3286079

Thereafter, the Western District of Missouri granted the Government's motion to dismiss on August 30, 1999. (A. Document 307).

After a trial, as against Mr. Montano's original co-defendant's, the Government filed a third superseding indictment on November 18, 2003, against Mr. Montano, along with Edwin R. Hinestroza, Percy L. Smith, Shelly V. Anderson and Airton Mosquera. (A. Document 890). Mr. Montano and his new co-defendant's were charged with the same crimes as in the original superseding indictment dated March 25, 1999. However, in this indictment only Mr. Hinestroza was charged under Count Four. A fourth superseding indictment was filed on March 9, 2004, as against the same defendants charging them with same crimes as the preceding indictments. (A. Document 931).

On January 31, 2005, Mr. Montano filed a motion for severance of Counts One from Counts Two, Three and Four as well as severance from the named co-defendant Edwin Hinestroza. On March 28, 2005, the Western District of Missouri granted Mr. Montano's motion for severance of Counts One from Counts Two, Three and Four as well as severance from the named co-defendant Edwin Hinestroza. (A. Document 1022-1).

On May 18, 2005, a Pretrial Conference was held before the Hon. Gary A. Fenner, in which the issue of whether to allow testimony concerning the murder of a member of the alleged conspiracy. (A. Transcripts of 5/18/05). The Judge ruled

Appellate Case: 06-1680     Page: 7     Date Filed: 03/07/2007 Entry ID: 3286079

that if the Government presented evidence that the co-defendant's were known killers within the conspiracy, then evidence of the actions of the co-conspirators, including the murder, would be admissible.

Mr. Montano's case was tried from May 25 through May 27, 2005. The majority of the witnesses presented by the Government were known convicted drug dealers who had contact with Mr. Montano, various co-defendants's or law enforcement officials. The majority of the witnesses for the Government were convicted drug dealers who accepted plea agreements for more lenient sentencing in exchange for their testimony at trial.

On May 27, 2005, after a few hours of deliberation, a jury found Mr. Montano guilty under Count One of the superseding indictment of Conspiracy to Distribute more than 5 Kilograms of Cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 21 U.S.C. § 846. Thereafter, Mr. Montano was sentenced on February 28, 2006, to 405 months. (A. Document 1265). In response, Mr. Montano filed a Notice of Appeal on March 4, 2006. (A. Document 1268).

## Argument

### Point I

**The conviction must be vacated as the District Court erred in allowing evidence of an unrelated and highly prejudicial murder to be presented**

The standard for determining whether a district court's error was harmless, is whether it can be said "'with fair assurance, after pondering all that happened

without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" (*United States v. Snider,* 720 F.2d 985, 989 [8th Cir. 1983]; quoting *Kotteakos v. United States*, 328 U.S. 750, 765 [1946]; see also *United States v. Heater,* 63 F.3d 311, 325 [4th Cir. 1995]).

In *United States v. Conley,* testimony of the defendant as to killings that were occurring in the city was found to be highly inflammatory. (*Id.*, 503 F.2d 520, 523-524 [8th Cir. 1974]). The repeated references to these discussions with the defendant, by the narcotics officer, regarding the killings may have created the implication that the defendant may have had something to do with the killings. (*Id.*). This Court found that the testimony allowed into the record was an error and prejudicial and therefore while the evidence was sufficient to support a finding of guilt on that count it could not be said with "fair assurance that the verdict was not substantially swayed by the inflammatory testimony." (*Id.* at 524; citing *Kotteakos v. United States,* supra).

"We cannot say that the evidence of guilt was overwhelming or that it leaves us with no reasonable doubt that the jury would have reached the same result without hearing the inflammatory testimony." (*Conley,* at 524; citing *United States v. Allsup*, 485 F.2d 287, 292 (8th Cir. 1973).

Appellate Case: 06-1680     Page: 9     Date Filed: 03/07/2007 Entry ID: 3286079

Furthermore, the Federal Rules of Evidence Rule 103(a)(1) and (d) govern the standard of review in determining whether a District Court committed reversible error by admitting improper evidence. The rules state:

> (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . .
> (d) Plain error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court. (Fed. R. Evid. 103(a)(1) and (d)).

In order for an objection to be timely "it must be made at the earliest possible opportunity after the ground of objection becomes apparent, or it will be considered waived." (*Terrell v. Poland,* 744 F.2d 637, 638-639 [8th Cir. 1984]; citing *Isaacs v. United States*, 301 F.2d 706, 734 (8th Cir. 1962]).

Mr. Montano was charged, along with several co-defendant's, under several indictments, with conspiracy to knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, both known and unknown to distribute cocaine, a Schedule II substance, in the amount of five (5) kilograms or more, contrary to the provisions of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A); all in violation of 21 U.S.C. § 846; and Count Four, criminal forfeiture of any property

Appellate Case: 06-1680     Page: 10     Date Filed: 03/07/2007 Entry ID: 3286079

constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations under Title 21 in violation of 21 U.S.C. § 853. (A. Documents 142, 257, 890-1, 931-1).

However, in the last indictment, dated March 9, 2004, one Mr. Montano's co-defendant's was charged with using and carrying a firearm in relation to the conspiracy and using such firearm to murder Julian Colon. (A. Document 931-1). Thereafter, Mr. Montano filed a motion for severance of the conspiracy count from the remaining counts, as well as severance from the named co-defendant Edwin Hinestroza. In response the Government argued the murder of Mr. Colon took place in furtherance of the drug conspiracy and the evidence used to establish the guilt of one of the defendant's was necessary to establish the guilt of the remaining defendant's. (A. Document 1022-1). On March 28, 2005, the Western District of Missouri granted Mr. Montano's motion for severance of Counts One from Counts Two, Three and Four as well as severance from the named co-defendant Edwin Hinestroza. (A. Document 1022-1). In granting the motion, the District Court cited Rule 14 and the Supreme Court's holding in *Zafiro v. United States* that severance should be granted where a joint trial would seriously risk the trial rights of another defendant or prevent the jury from making a reliable judgment. (See Document 1022; see also Fed. R. Crim. P. 14(a); *Zafiro v. United States,* 506 U.S. 534, 539 [1993]).

Appellate Case: 06-1680   Page: 11   Date Filed: 03/07/2007 Entry ID: 3286079

Where evidence that is "probative of a defendant's guilt but technically admissible only against a codefendant" might also present a risk of prejudice as against that defendant. (*Zafiro,* 506 U.S. at 539; citing *Bruton* v. *United States*, 391 U.S. 123 [1968]).

In addition, this Court has recently held in *United States v. Boone,* that where multiple defendants are charged under the same indictment that a preference exists for a joint trial. However, if the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice then severance will be granted. (*Boone*, 437 F.3d 829, 837 [8th Cir. 2006]; citing *Zafiro,* supra). In *Boone*, this Court also held that such a likelihood may be "demonstrated by showing either that the jury cannot be expected to compartmentalize the evidence with respect to different defendants due to a 'prejudicial spillover effect' between the cases against them." (*Id.,* at 837; citing *United States v. Lueth*, 807 F.2d 719, 731 [8th Cir. 1986]).

However, after finding that it is in the best interest of justice to sever the trial because of the threat of "spillover prejudice," on May 18, 2005, at Pretrial Conference the District Court ruled that if the Government presented evidence that the co-defendant's were known killers within the conspiracy, then evidence of the actions of the co-conspirators, including the murder, would be admissible. (A. Transcripts of 5/18/05).

Appellate Case: 06-1680    Page: 12    Date Filed: 03/07/2007 Entry ID: 3286079

As a result, when the Government presented its case against Mr. Montano the witnesses testified, at length, as to the murder of Julian Colon. In particular, was the testimony of Herberth Andres Borja-Molina (hereinafter "Mr. Borja"). (A. Transcript May 23, 2005, p. 2-36, A. Transcript May 24, 2005, p. 79-209). Mr. Borja admitted, at the age of 15, he became involved with Edwin Hinestroza (hereinafter "Mr. Hinestroza"), the alleged murderer, and drug dealer. (A. Transcript May 23, 2005, p. 3). Mr. Borja also testified that he brought his uncle, Julian Colon, (hereinafter "Mr. Colon") into the drug operation. (A. Transcript May 23, 2005, p. 16).

The key testimony from Mr. Borja revolved around the theft of approximately $240,000.00 in drug money from his aunt's home and the subsequent murder of his uncle. (A. Transcript May 24, 2005, p. 34, 83-104). Mr. Borja testified that it was the theft of the drug money that set off the chain of events leading up to the murder of Mr. Colon. (A. Transcript May 24, 2005, p. 85-88). Mr. Borja preceded to testify as to how Mr. Hinestroza was angry over the theft of the drug money and how he needed to determine who stole the money and that he was going to "pop" or kill whoever stole the money. (A. Transcript May 24, 2005, p. 200-204). The testimony laid out the actions of the members of Mr. Hinestroza's organization and how they prepared to kill the suspected thief. (A. Transcript May 24, 2005, p. 85-211). Mr. Borja, following the orders of Mr.

13

Hinestroza, purchased duct tape and prepared to "pop someone". (A. Transcript May 24, 2005, p. 202). At no time did Mr. Borja mention Mr. Montano as being involved in the theft of the money or any actions preceding the murder.

However ironically, on November 28, 1998, it was Mr. Borja and his uncle who were bound, gagged and shot at the direction of Mr. Hinestroza for allegedly stealing the drug money. (A. Transcript May 24, 2005, 202-211). After his uncle's murder Mr. Borja confessed to the police that he and his uncle were drug dealers and that he wanted to get the people who had killed his uncle. (A. Transcript May 24, 2005, p. 110-111). Again, it is important to note, that at no time during Mr. Borja's testimony surrounding the murder of his uncle, did Mr. Borja ever refer to Mr. Montano as one of the men who was present the night of the murder, gave the order to kill the suspected thief or was ever involved in the planning of the murders.

The only connection evidenced linking Mr. Montano, the conspiracy and the murder of Julian Colon was the testimony of the law enforcement officers. In particular, Officer Amy Schaeffer Billquist testified that on November 29, 1998, several arrests on the suspicion of murder were made at a local hotel and she was dispatched to the hotel to ensure no one entered or exited the suspects hotel rooms while the police were waiting for a search warrant. (A. Transcript May 24, 2005, p. 328). It was at this time that Mr. Montano approached the hotel room. (A.

Appellate Case: 06-1680    Page: 14    Date Filed: 03/07/2007 Entry ID: 3286079

Transcript May 24, 2005, p. 330).  When questioned as to why he was there it was discovered that Mr. Montano had $5000.00 in his possession.  (A. Transcript May 24, 2005, p. 332).  In response to the police questioning Mr. Montano indicated that the money was from the sale of a car earlier in the day.  (A. Transcript May 24, 2005, p. 341, 355).  It was later discovered the car in question was registered to Montano Auto Sales.  (A. Transcript May 24, 2005, p. 357).

The District Court allowed even more prejudicial evidence to be admitted when the Government was also allowed to get in references to Pablo Escobar, the head of the Medellin drug cartel in Columbia South America.  (A. Transcript May 26, 2005, p. 718).  Such testimony was not only irrelevant to any of the charges facing Mr. Montano, but highly prejudicial and was a plain error on the part of the District Court.

Throughout all of this testimony Mr. Haley, Mr. Montano's attorney, repeatedly objected to any and all references of the murder of Mr. Colon.  (A. Transcripts May 23-26, 2005,  p. 34, 97, 111, 157, 159, 180, 329, 390, 408-409, 426, 557).

It is clear that the District Court erred in allowing testimony concerning the murder of Mr. Colon to be admitted into evidence.  Particularly after finding sufficient evidence for severance based upon the danger of the "spillover

Appellate Case: 06-1680     Page: 15     Date Filed: 03/07/2007 Entry ID: 3286079

prejudice" that would occur with having Mr. Hinestroza's charges of murder be included with Mr. Montano's drug conspiracy charges.

There was no basis for why the jury in this matter should have heard anything regarding the murder of Julian Colon and as a result of this highly prejudicial testimony they were substantially swayed by the inflammatory testimony in determining the verdict. (See, *Kotteakos,* supra). Therefore, the District Court's error was not harmless and that the judgment and conviction against Mr. Montano should be vacated, or in the alternative the sentence vacated and the case remanded to the District Court for retrial, without evidence of the highly prejudicial murder allowed.

## <u>Point II</u>

**The conviction against Mr. Montano should be vacated as the Government failed to present evidence sufficient to establish a conspiracy**

### A.    Standard of Review

The standard of review for the appellate courts is very strict. (*United States v. Alexander,* 408 F.3d 1003, 1008 [8th Cir.2005]; quoting *United States v. Sanders*, 341 F.3d 809, 815 [8th Cir. 2003]; see also *United States v. Ryan,* 227 F.3d 1058, 1063 [8th Cir. 2000]). This Court has held that it will review "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn

Appellate Case: 06-1680    Page: 16    Date Filed: 03/07/2007 Entry ID: 3286079

from the evidence that support the jury's verdict." (*Alexander,* 408 F.3d at 1008; quoting *United States v. Espino*, 317 F.3d 788, 792 [8th Cir. 2003]).

In determining the sufficiency of evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*United States v. Tensley,* 334 F.3d 790, 793-794 [8th Cir. 2003]; quoting *Miller v. Lock*, 108 F.3d 868, 870 [8th Cir. 1997]). (Emphasis in original).

"A conviction may be based on circumstantial as well as direct evidence. The evidence need not exclude every reasonable hypothesis except guilt." (*Tensley,* 334 F.3d at 794; quoting *Ryan,* 227 F.3d at 1063).

**B.**     **The Government did not establish Mr. Montano was involved in a conspiracy.**

In order to establish and support a conspiracy conviction, "the government must show that: (1) a conspiracy existed for an illegal purpose; (2) the defendant knew of the conspiracy; (3) the defendant knowingly joined in it." (*Tensley,* 334 F.3d at 794; citing *United States v. Oleson*, 310 F.3d 1085, 1089 [8th Cir. 2002]). In making its case, the government can present either direct or circumstantial evidence. (*Tensely,* at 794; citing *United States v. Jiminez-Perez*, 238 F.3d 970, 973 [8th Cir. 2001]).

Appellate Case: 06-1680     Page: 17     Date Filed: 03/07/2007 Entry ID: 3286079

Due to the fact that the nature of conspiracy entails secrecy, "the agreement and members' participation in it must often be established by way of inference from the surrounding circumstances." (*United States v. Cabrera,* 116 F.3d 1243, 1244-1245 [8th Cir. 1997]; quoting *United States v. Ivey*, 915 F.2d 380, 384 [8th Cir. 1990]). "The evidence presented by the government will often be circumstantial "due to an illegal conspiracy's 'necessary aspect of secrecy.'" (*Id.*; citing *United States v. Robinson*, 217 F.3d 560, 564 [8th Cir. 2000]).

It is insufficient to establish membership in a conspiracy based merely by evidence of the defendant's presence and knowledge that someone else, who was present, intended to sell drugs. (*Tensley,* at 794; citing *United States v. Hernandez*, 299 F.3d 984, 988 [8th Cir. 2002]). Once the existence of a conspiracy has been established, "slight evidence connecting a defendant to it may be sufficient to prove the defendant's involvement." (*Id.*).

Merely proving that the defendant knew of the existence of the conspiracy is insufficient to support a conviction for conspiracy; "rather, '[the government] must establish some degree of knowing involvement and cooperation.'" (*Cabrera,* F.3d at 1244; quoting *United States v. Fregoso*, 60 F.3d 1314, 1323 [8th Cir. 1995] (quoting *United States v. Casas*, 999 F.2d 1225, 1229 [8th Cir. 1993]).

It has been established that "a mere sales agreement with respect to contraband does not constitute a conspiracy; there must be some understanding

Appellate Case: 06-1680    Page: 18    Date Filed: 03/07/2007 Entry ID: 3286079

'beyond' that before the evidence can support a conviction for conspiracy."
(*Cabrera,* 116 F.3d at 1244-1245; quoting *United States v. Issaghoolian*, 42 F.3d 1175, 1178 [8th Cir. 1994]; (quoting *United States v. West*, 15 F.3d 119, 121 [8th Cir. 1994])).

The majority of the evidence presented by the Government concerned the November 19, 1998, robbery of approximately $240,000.00 in drug money and the November 28, 1998, murder of Julian Colon and the attempted murder of Mr. Borja. (A. Transcript May 24, 2005, p. 84-211). It was this theft of drug money that set off the chain of events leading up to the murder of Mr. Colon. (A. Transcript May 24, 2005, p. 85-88). The notable witness was Mr. Borja, who admitted that from the age of 15 he worked for Edwin Hinestroza, co-defendant and drug dealer. (A. Transcript May 23-24, 2005, p. 2-36, 79-209).

As a result of his uncle's murder Mr. Borja confessed to the police that he and his uncle were drug dealers and that he wanted to get the people who had killed his uncle. (A. Transcript May 24, 2005, p. 110-111). The motive for his testimony was clear, he wanted revenge for the murder of his uncle. However, at no time during Mr. Borja's testimony did Mr. Borja refer to Mr. Montano as being present the night of the murder or as having any involvement in the planning of the murders.

Appellate Case: 06-1680    Page: 19    Date Filed: 03/07/2007 Entry ID: 3286079

Furthermore, the references made by Mr. Borja concerning Mr. Montano concerned Mr. Montano's purchase of drugs from Mr. Hinestroza's organization. (A. Transcripts May 23-25, 2005, 21, 25, 26, 28, 31, 89, 166, 173, 176). Mr. Borja did not testify that Mr. Montano was an employee of this organization or that he in any way worked for Mr. Hinestroza, only that Mr. Montano allegedly purchased cocaine from them. It is important to note, that Mr. Borja made a plea deal with the Government that in exchange for his testimony he would not be charged with *any* of the illegal drug activity he participated in over the years. (A. Transcript May 23-24, 2005, p. 5, 196). (Emphasis added).

The Government then presented evidence by numerous witnesses who were admitted drug dealers. Specifically, Edward Ortiz, Airton Mosquera, Amparo Molina Correll, and Shelly Anderson, who were all co-defendant's of Mr. Montano on the various indictments filed by the Government. (See Documents 142, 890). Each of these witnesses testified that they were in some way associated with Mr. Hinestroza's drug dealing organization and the conspiracy as well as their involvement in the packaging, distribution, transportation and sale of large quantities of cocaine. (A. Transcript May 24, 2005, p. 207, 232, 246, 266, 290). Again, in exchange for their testimony, these witnesses received plea agreements from the Government creating an incentive to lie and act for their own benefit.

Appellate Case: 06-1680    Page: 20    Date Filed: 03/07/2007 Entry ID: 3286079

Additionally, it is important to note that several of the witnesses testified they never directly sold drugs to Mr. Montano, or in some instances never saw Mr. Montano physically accept any drugs. Specifically, Mr. Ortiz testified that he never saw cocaine exchange hands from Mr. Hinestroza to Mr. Montano or physically handed Mr. Montano any cocaine. (A. Transcript May 24, 2005, p. 212, 213, 229). Mr. Mosquera also testified that he never had any illegal drug dealings with Mr. Montano or even saw him doing anything illegal. (A. Transcript May 24, 2005, p. 241). These convicted drug dealers were also given plea agreements by the Government in exchange for their testimony. (A. Transcript May 24, 2005, 243, 267, 289). Their motives for testifying were to receive leniency in their own sentencing regarding their convictions for dealing large quantities of drugs.

Another Government witness, Artis Jones (hereinafter "Mr. Jones"), a convicted drug dealer who made a plea agreement for a reduced sentence, testified that not only was he distributing cocaine, but he was using marijuana. (A. Transcript May 26, 2005, p. 586-588). Loren Harris, another convicted drug dealer, testified as to his alleged dealings with Mr. Montano. (A. Transcript May 26, 2005, p. 682). Mr. Harris also made a plea agreement to testify for a downward departure in his sentence. (A. Transcript May 26, 2005, p. 682).

Appellate Case: 06-1680    Page: 21    Date Filed: 03/07/2007 Entry ID: 3286079

The Government then presented evidence to show that Mr. Montano had two apartments listed under his name, one of which the police had received reports of late night activity, but found no drugs or evidence of other criminal activities. (A. Transcript May 24, 2005, p. 350). The only other evidence was slips of paper containing the names of individuals within Mr. Hinestroza's organization who were known drug dealers. (A. Transcript May 24, 2005, p. 351-352). What is more, the Government did not find any evidence of drugs in these locations.

The Government witnesses, convicted drug dealers, testified they purchased cocaine from Mr. Montano, but they never indicated he was part of a conspiracy or larger organization. (A. Transcript May 24, 2005, 363). Marvin Collins (hereinafter "Mr. Collins"), a convicted drug dealer, testified that as part of a plea agreement that he would transfer drugs for a Jonathan Perez. (A. Transcript May 25, 2005, p. 364, 365, 381). Mr. Collins also testified he began purchasing cocaine directly from Mr. Montano, but that there were never any discussions with Mr. Montano concerning his knowing involvement or cooperation with the alleged co-conspirators. (A. Transcript May 25, 2005, p. 369, 371, 373).

The evidence presented by the Government established Mr. Montano's presence and knowledge of the actions of Mr. Hinestroza's organization, but such evidence is insufficient to connect Mr. Montano's with the conspiracy. This Court in *Tensley and Hernandez* held that such evidence is insufficient to prove a

22

defendant's involvement in an alleged conspiracy.  (See, *Tensley,* at 794;

*Hernandez,* at 988).

Furthermore, this Court has also held that the Government must establish a

degree of knowledge and cooperation in order to show a conspiracy and a "mere

sales agreement" with respect to any sort of contraband is not enough to establish a

conspiracy. (See, *Cabrera,* at 1244).   Where in the instant case, the only thing

shown by the Government's witnesses was Mr. Montano allegedly made purchases

of cocaine from members of the conspiracy who are convicted felons.

The testimony of the witnesses was unreliable and was solely motivated out

of desire to receive a reduced sentence.  These witnesses admitted to being

involved in the dangerous and deceptive world of cocaine distribution and sale.

Their testimony was prejudicial and no reasonable inference could be drawn other

than these witnesses were acting on the Government's behest.  As a result, the

Government failed to establish the three elements to support a conspiracy under

*Tensley*, particularly, that Mr. Montano knew of the conspiracy and that he

knowingly joined.  (*Id.*, at 794).  As a result, the conviction for conspiracy to

distribute cocaine should be vacated.

## Conclusion

The District Court erred in allowing any of the highly prejudicial testimony

concerning the murder of Mr. Colon to be admitted into evidence.  The jury in this

Appellate Case: 06-1680     Page: 23     Date Filed: 03/07/2007 Entry ID: 3286079

matter was improperly and substantially swayed in reaching its verdict by the inflammatory testimony regarding the murder of Julian Colon.

Furthermore, the Government offered convicted drug dealers facing lengthy prison time plea agreements in exchange for their testimony at trial. However, their testimony failed to prove Mr. Montano knew of the conspiracy and that he knowingly joined the conspiracy. Therefore, the Government failed to establish the elements necessary to support a conspiracy conviction.

WHEREFORE, your appellant respectfully requests that this Court vacate his conviction, or in the alternative your appellant requests that his sentence be vacated and the case remanded to the District Court for retrial, without evidence of the highly prejudicial murder allowed, and for such other and further relief as it seems just and proper.

Dated: March 5, 2007

_____
Greg T. Rinckey, Esq.
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100

Appellate Case: 06-1680    Page: 24    Date Filed: 03/07/2007 Entry ID: 3286079

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 5th day of March, 2007, I mailed 2 copies of the Appellant's Brief and Addendum to:

Jeffrey E. Valenti, Esq.
U.S. Attorney's Office
400 E. 9th Street
5th Floor
Kansas City, MO 64106

and 1 copy to:

Mr. Fabio Montano
Registration Number.: 25289-034
FCI Victorville Medium I
Federal Correctional Institution
P.O. Box 5300
Adelanto, CA 92301

by first class mail deposited in the United States Mail, postage prepaid, addressed to the counsel of record listed above and the Appellant.


_____
**Valerie Brozzetti, paralegal**
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100
**Attorney for Appellant**

Appellate Case: 06-1680    Page: 25    Date Filed: 03/07/2007 Entry ID: 3286079

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the attached brief complies with the type and volume limitation of Federal Rules of Appellate Procedure 32(a)(7). The brief used a proportional typeface, 14 point, Times New Roman.  Based on Microsoft Word 2000, the brief contains 4,600 words.

_____
**Greg T. Rinckey, Esq.**
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100
**Attorney for Appellant**

Appellate Case: 06-1680    Page: 26    Date Filed: 03/07/2007 Entry ID: 3286079

## CERTIFICATE OF COST

I hereby certify that the cost of printing the foregoing brief and addendum was the sum of approximately $_____.00.

_____

**Greg T. Rinckey, Esq.**
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100
**Attorney for Appellant**

Appellate Case: 06-1680    Page: 27    Date Filed: 03/07/2007 Entry ID: 3286079

## CERTIFICATE OF VIRUS SCAN OF DISKETTES

I, the undersigned, hereby certify that on the 5th day of March, 2007, a diskette labeled <u>United States v. Montano, Case No. 06-1680</u> was scanned for viruses by using the Symantec Antivirus Corporate Edition Scan program. The Symantec Antivirus Corporate Edition Scan program reported that no viruses were found on the diskettes.

_____
**Greg T. Rinckey, Esq.**
Tully, Rinckey & Associates, PLLC
3 Wembley Court
Albany, NY 12205
Telephone: (518) 218-7100
**Attorney for Appellant**

28